

ATTORNEY FOR APPELLANTS

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEES

Grant M. Reeves
Barada Law Offices LLC
Rushville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Lawrenceburg, Indiana, Mayor of Lawrenceburg in his official capacity, Common Council of the City of Lawrenceburg in their official capacities

*Appellants-Defendants,*

v.

Franklin County, Indiana, & the Franklin County Board of Commissioners in their official capacities,

*Appellees-Plaintiffs*

August 29, 2016

Court of Appeals Case No.
24A05-1603-PL-535

Interlocutory Appeal from the
Franklin Circuit Court

The Honorable J. Steven Cox

Trial Court Cause No.
24C01-1511-PL-740

**Bradford, Judge.**

# Case Summary

In 2015, Appellees-Plaintiffs Franklin County and the Franklin County Board of Commissioners (collectively, "Franklin") filed a complaint in Franklin Circuit Court alleging breach of contract by Appellants-Defendants the City of Lawrenceburg, the mayor of Lawrenceburg, and the common council of Lawrenceburg (collectively, "the City"). The City filed a motion, pursuant to Trial Rule 76(A), requesting a change of venue from Franklin County to Dearborn County. The trial court denied the City's motion. On appeal, the City contends that the trial court erred in denying its motion for change of venue. We reverse the trial court's ruling and remand with instructions.

## Facts and Procedural History

On January 17, 2006, the City and Franklin entered into a contract under which the City agreed to share riverboat casino earnings with Franklin. On November 19, 2013, the City notified Franklin of its intent to terminate the agreement. On November 18, 2015, Franklin filed a complaint in Franklin Circuit Court alleging breach of contract by the City. On January 8, 2016, the City moved to change venue, arguing that pursuant to Indiana Trial Rule 76(A), the Franklin Circuit Court is an inappropriate venue because Franklin County is a party to the lawsuit. On February 12, 2016, the trial court denied the City's motion to change venue.

## Discussion and Decision

[3] On appeal, the City argues that the trial court erred in denying its motion to change venue. Indiana Trial Rule 76(A) provides as follows:

> In civil actions where the venue may be changed from the county, such change of venue from the county may be had only upon the filing of a verified motion specifically stating the grounds therefor by the party requesting the change. *The motion shall be granted only upon a showing that the county where suit is pending is a party* or that the party seeking the change will be unlikely to receive a fair trial on account of local prejudice or bias regarding a party or the claim or defense presented by a party. Denial of a motion for change of venue from the county shall be reviewable only for an abuse of discretion….

(emphasis added).

[4] The City contends that its motion should have been granted because Franklin County is a party and the suit is pending in Franklin Circuit Court. For its part, Franklin argues that, according to Trial Rule 75(A)(5), Franklin Circuit Court is a preferred venue and so the case should not be transferred.

> Preferred venue lies in: … the county where…the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint;

T.R. 75(A)(5). Regardless of whether Franklin County is a preferred venue, its status as such is trumped by Trial Rule 76(A), which states explicitly that a motion requesting a change of venue "shall be granted only upon a showing that the county where suit is pending is a party." That is clearly the case here.

Accordingly, the trial court was required to grant the City's motion and erred in failing to do so. *See Scott v. Consol. City of Indianapolis*, 833 N.E.2d 1094, 1101 (Ind. Ct. App. 2005) ("According to the plain reading of Trial Rule 76, a change of venue occurs when the county is a party to the action."); *see also Bd. of Comm'rs of LaPorte Cnty. v. Great Lakes Transfer, LLC*, 888 N.E.2d 784, 790 (Ind. Ct. App. 2008) (holding that T.R. 76(A) required that the trial court grant the motion for change of venue from LaPorte County where LaPorte County was a party to the action despite the fact that it was also a preferred venue.).

[5] The City also claims that the case should be moved to Dearborn County specifically. Indiana Trial Rule 76(D) provides the procedure by which a new venue is determined following the grant of a Rule 76 change of venue motion:

> Whenever a change of venue from the county is granted, the parties may, within three (3) days from the granting of the motion or affidavit for the change of venue, agree in open court upon the county to which venue shall be changed, and the court shall transfer such action to such county. In the absence of such agreement, the court shall, within two (2) days thereafter, submit to the parties a written list of all counties adjoining the county from which the venue is changed, and the parties within seven (7) days from the date the clerk mails the list to the parties or within such time, not to exceed fourteen (14) days from that date, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure.

The City seems to ignore this procedure and argues instead that Dearborn County is the appropriate venue because the City is located in Dearborn

County, making it a preferred venue. However, Rule 76(D) sets forth specific procedural steps for change of venue determinations and preferred venue is not a requirement. Accordingly, it is up to the parties on remand to determine a new venue in accordance with Rule 76(D).

[6] The judgment of the trial court is reversed and remanded with instructions.

Pyle, J., and Altice, J., concur.